(November 20, 1920.)

WILLIAM R. LEITCH, Respondent, v. OWYHEE SHEEP & LAND COMPANY, a Corporation, Appellant.

[193 Pac. 730.]

STATUTORY CONSTRUCTION—TWO-MILE LIMIT LAW—GRAZING RIGHTS—PARTNERSHIP—OWNER OR POSSESSORY CLAIMANT—DAMAGES—EVIDENCE.

1. Under the provisions of C. S., secs. 1908 and 1909, partnership sheep have no lawful right to graze within two miles of the dwelling-house on the land or possessory claim of one of the partners; nor can the partner sustain any damages by reason of the fact that other sheep have grazed thereon. Such grazing invades no legal right of the partnership.

2. One of the purposes of the provisions of the statute above referred to is to protect the public range for the benefit of the livestock of the owner or possessory claimant within two miles of his dwelling-house.

3. Proof of loss in the weight of partnership lambs and loss in the wool clip of partnership sheep is not competent evidence to establish damages resulting from the trespass of other sheep on the homestead of one of the partners, nor from the destruction of pasturage thereon.

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. William A. Babcock, Judge.

Action for damages for trespass under two-mile limit law and upon a homestead. Judgment for plaintiff *reversed and remanded.*

W. P. Guthrie, for Appellant.

Speculative and remote damages cannot be recovered under the two-mile limit law. (*Roseborough v. Whittington,* 15 Ida. 100, 96 Pac. 437; *Risse v. Collins,* 12 Ida. 689, 87 Pac. 1006; *Cleveland etc. Ry. Co. v. Patton,* 203 Ill. 376, 67 N. E. 804; *Anderson v. Taylor,* 56 Cal. 131, 38 Am. Rep. 52.)

One partner cannot maintain an action to recover damages to firm property. (Mechem's Elements of Partnership, sec. 226; Gilmore on Partnership, p. 556.)

A loss to a business is not a loss directly to the plaintiff, but to the firm, and in order to recover for injury to plaintiff's interest in his business, his interest therein must be specially averred. (*Havemeyer v. Fuller,* 10 Abb. N. Cas. (N. Y.) 9.)

Rights based on a violation of law will not be enforced, and if a transaction is illegal in contravention of a statute, it will not be upheld in any way, but the parties will be left in the situation in which they have voluntarily placed themselves. (*Libbey v. Pelham,* 30 Ida. 614, 166 Pac. 575; 1 C. J. 957, sec. 54; 30 Cyc. 556.)

C. M. Booth, E. M. Wolfe and J. F. Martin, for Respondent.

"The fundamental and cardinal principle of the law of damages is that the injured party shall have compensation for the injury sustained." (8 R. C. L. 431.)

Lost profits are a proper element of damage when such loss is the direct and necessary result of the defendant's acts, where such profits can be shown with a reasonable degree of certainty. (8 R. C. L. 501.)

BUDGE, J.—Respondent's complaint contains two causes of action: The first, to recover the penalty provided by

C. S., sec. 1909, for the unlawful grazing of sheep within two miles of his dwelling-house; the second, to recover for the grazing of sheep upon his homestead.

The cause was tried upon this complaint and appellant's amended answer, which put in issue all of the material allegations of the complaint, resulting in a verdict for respondent upon which judgment was entered. This appeal is from the judgment.

The facts, so far as material to the questions disposed of in this opinion, are as follows: It was alleged in the complaint that respondent was the owner of and had an interest in certain sheep, for the grazing and pasturing of which he depended upon the grasses grown upon his homestead and the adjoining unclaimed and unappropriated public land. The proof offered by respondent disclosed the fact that the sheep did not belong to him individually, but were the property of a partnership in which respondent had a joint interest with one Catleugh, his partner.

The theory of damages upon which respondent sought to predicate his right to recover, although not disclosed by any allegation in the complaint, was that by reason of the loss of this pasturage the sheep had failed to gain as much in weight as they would have gained if this pasture had been available, and that the wool clip was short from the same cause. In other words, respondent sought to make a loss sustained by the partnership property the basis of his measure of damages and right to recover.

The court refused appellant's request for an instruction directing the jury to return a verdict in its favor. The refusal to give this instruction is assigned as error.

Under the provisions of C. S., secs. 1908 and 1909, the partnership sheep had no lawful right on the public range within two miles of respondent's dwelling-house, nor could the partnership sustain any damages by reason of the fact that other sheep had been grazed thereon. Such grazing invaded no legal right of the partnership. One of the purposes of the provision of the statute above referred to is to protect the public range for the benefit of the livestock

of the owner or possessory claimant within two miles of his dwelling-house. The respondent introduced no proof of damages sustained by him individually by reason of his livestock being deprived of the pasturage within two miles of his dwelling-house. There was, therefore, no competent evidence submitted to the jury on this cause of action, and as to it the requested instruction should have been given.

In support of respondent's second cause of action he introduced no competent evidence tending to show the extent of his damage. Proof of loss in the weight of the partnership lambs and loss in the wool clip of partnership sheep was not competent to establish damages to respondent resulting from the trespass on his homestead nor the destruction of pasturage thereon. Respondent having, however, introduced evidence upon his second cause of action tending to establish that a trespass upon his land had been committed by appellant, it was not error for the court to refuse to give the instruction requested by appellant directing the jury to return a verdict in his favor as to the second cause of action.

The judgment is reversed, with instructions to dismiss respondent's first cause of action and to grant a new trial as to the second cause of action. Costs are awarded to appellant.

Morgan, C. J., and Rice, J., concur.